NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDGAR SEGUNDO MONTALVO JARRIN,

Petitioner,

v.

TODD BLANCHE, *et al*,

Respondents.

No. 26cv6700 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge**

Petitioner Edgar Segundo Montalvo Jarrin initiated this action on June 8, 2026, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, challenging the lawfulness of his immigration detention without a bond hearing in Elizabeth Contract Detention Facility in Elizabeth, New Jersey.  D.E. 1 ("Petition").  On June 9, 2026, the Court ordered Respondents to either file an expedited answer to the Petition or to release Petitioner within 24 hours.  D.E. 6 ("Text Order to Answer").

On the same day, Respondents filed a Consent Motion to Transfer Venue from the District of New Jersey to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404.  D.E. 7 ("Consent Motion").  For the reasons discussed below, the Court will grant the Consent Motion and transfer this matter to the United States District Court, Western District of Pennsylvania under 28 U.S.C. § 1404.

I.      BACKGROUND

Respondents submit the following undisputed facts in support of the Consent Motion. Consent Motion at ¶¶ 1–8.  On June 8, 2026, Petitioner was transferred from the Elizabeth Contract Detention Facility in Elizabeth, New Jersey, to the Moshannon Valley Processing Center

1

("Moshannon Valley") in Philipsburg, Pennsylvania, where he was booked in at approximately 9:35 p.m. *Id.* at ¶ 1. Petitioner filed the instant Petition approximately one hour and thirty minutes later. *See id.* at ¶ 2. On June 9, 2026, Counsel for Respondents informed Petitioner's Counsel that Petitioner had been transferred to Moshannon Valley in Philipsburg, Pennsylvania prior to the filing of the Petition. *Id.* at ¶ 3. Petitioner remains detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. *Id.* at ¶ 4.

## II.    DISCUSSION

Habeas cases arising under 28 U.S.C. § 2241 may generally be brought only in the district of confinement. *See*, *e.g.*, *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 447 n. 6 (3d Cir. 2021). Petitioner's district of confinement at the time the Petition was filed was the Western District of Pennsylvania. Petitioner consents to transfer venue of this case, under 28 U.S.C. § 1404, to the Western District of Pennsylvania. Furthermore, Respondents have affirmed that this transfer will not unfairly prejudice any party or cause undue delay in the resolution of this case, and this motion is not made for any improper purpose or to achieve any unfair advantage. Consent Motion at ¶ 8.

28 U.S.C. § 1404(a) provides, "(a) [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought or to any district … to which all parties have consented." As the district of confinement at the time the Petition was filed, this matter might have been brought, indeed, should have been brought, in the Western District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("longstanding practice confirms that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]") Therefore, the Court will **GRANT** the Consent

Motion and transfer this matter to the Western District of Pennsylvania.

III.    **CONCLUSION**

For the reasons explained above,

**IT IS**, on this **10th** day of June 2026,

**ORDERED** that the Consent Motion, D.E. 7, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall transfer this matter to the United States District

Court, Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

_____

Evelyn Padin, U.S.D.J.